**EXHIBIT B**

FILED
DALLAS COUNTY
3/10/2015 10:39:39 AM
FELICIA PITRE
DISTRICT CLERK
Freeney Anita

2 CT-E-SERVE

CAUSE NO. DC-15-02707

| | | |
|---|---|---|
| WESLEY HOWARD, | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | G-134TH ___ JUDICIAL DISTRICT |
| | § § § | |
| WALMART STORES, INC., AND WALMART STORES OF TEXAS, LLC | § § § § | DALLAS COUNTY, TEXAS |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Wesley Howard ("Plaintiff " or "Howard") complaining of Defendants Walmart Stores, Inc. and Walmart Stores of Texas, LLC (collectively "Defendants" or "Walmart"), and for good and sufficient causes of action respectfully shows as follows:

I.

### CASE LEVEL AND CLAIMS FOR RELIEF

1.01  Discovery is intended to be conducted under Level 2 of T.R.C.P. 190.

1.02  Pursuant to T.R.C..P 47 Plaintiff states that Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Damages sought are within the jurisdictional limits of this court.

II.

## PARTIES

2.01    Plaintiff is an individual who may be contacted in care of the undersigned counsel. Plaintiff is a citizen of Texas and a resident of Bonham, Texas in Fannin County, Texas.

2.02   Defendant Walmart Stores, Inc. is a corporation whose agent for service of process is CT Corporation systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234.

2.03   Defendant Walmart Stores of Texas, LLC is a limited liability company, whose agent for the service of process is CT Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234.

### III.

## VENUE

3.01   Venue is proper in Dallas County, Texas, in that Walmart has stores, an agent for service of process and legal counsel in Dallas County, Texas.

### IV.

## BACKGROUND FACTS

4.01   On Wednesday, December 24, 2014, Plaintiff Wesley Howard was doing some late Christmas eve shopping at the Denison Walmart.  Plaintiff, who has medical problems and carries a portable oxygen bag, went into the men's restroom at the front of the store. Plaintiff's medical problems require Plaintiff to have to use bathroom facilities from time to time on a rush basis.

4.02  The restroom was dirty, there was debris all over the floor, and toilets had not been flushed. Plaintiff went into the handicapped stall. The seat was up. Plaintiff hurriedly put the seat down and sat down. There were toilet seat cover dispensers in the stalls but they were empty. There were no warnings of possible problems in using the toilet seat, although Walmart had knowledge of instances where super glue had been placed on toilet seats in Walmart stores that caused injuries to customers.

4.03  Plaintiff is on medicine that has caused him to have irritable bowel syndrome ("IBS") so that Plaintiff must use the toilet immediately when he needs to go, so Plaintiff was unable to inspect the toilet seat before he sat down and did not notice anything wrong. Another customer came into the rest room, saw how messy it was, complained, and left to find a maintenance person. A young man then appeared in a fluorescent orange vest. He began to clean the restroom and put toilet seat covers in the dispenser in the stall which Plaintiff was not using, leaving the dispenser in the handicapped stall empty.

4.04  When Plaintiff got ready to wipe himself he lifted one leg and it would not come up. He tried the other leg, it would not come up either. Plaintiff's son entered the restroom to check on Plaintiff, because he was in the restroom a long time and he was low on oxygen. Plaintiff told his son he had a problem. Plaintiff's son went and got a Manager.

4.05  The Manager came in and Plaintiff told him what the problem was. The Manager asked "what do you want me to do?" Plaintiff told him it was his job to do

what he thought he should do. The Manager went and got another Manager. They decided to call an ambulance. The EMTs took the toilet seat off and took Plaintiff to the ER. The ER doctor removed the toilet seat from Plaintiff, who was in considerable pain. The doctor told Plaintiff that he would have first degree burns from an adhesive glue that had been put on the toilet seat.

4.06 Plaintiff was sent home from the ER with bandages, burn cream and a prescription. Plaintiff is scarred and disfigured from the incident.

4.07 While Plaintiff was at the store the Walmart Managers and employees had all been laughing and cutting up about the situation. They were still letting people in to use the restroom while it was being decided what to do about the situation, exposing Plaintiff to severe humiliation and ridicule.

4.08 An employee in the claims department at the company headquarters called Plaintiff on Friday, the day after Christmas. All he wanted was to ask if Plaintiff was going to file a claim. He said the medical bills were Plaintiff's responsibility. He said he was investigating the incident. Plaintiff was very unhappy with the way the Managers handled the situation. Walmart tried to put the blame on Plaintiff, when all Plaintiff did was use the restroom when he was subjected to a vicious assault in the form of super glue on the toilet seat.

4.09 Plaintiff's pain and suffering caused by the incident was greatly aggravated by the fact that Plaintiff suffers from a lung condition caused by a prior incident. Plaintiff sees a doctor and a lung specialist every few months.

## V.

## FIRST COUNT

## PREMISES LIABILITY

5.01 The foregoing paragraphs of this Petition are incorporated by reference in this Count as fully as if set forth at length herein.

5.02 At all relevant times Plaintiff was an invitee on the premises of Denison Walmart.

5.03 On the occasion in question, Defendant was negligent with respect to the condition of the said premises, in that Defendant violated the duty which Defendant owed Plaintiff to exercise ordinary care in the operation and maintenance of the premises because:

    a. Defendant failed to provide a clean and sanitary restroom for handicapped customers instead of a dangerous condition in the form of glue on the toilet seat.

    b. Defendant failed to provide customers with protection from dangerous toilet seat contamination and assault by making toilet seat covers available;

    c. Defendant knew or reasonably should have known of the danger; and

    d. Defendant failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the hidden conditions and failing to make the conditions reasonably safe.

"Ordinary care" when used with respect to the conduct of Defendant as owner and/or manager of the premises, means that degree of care that would be used by an owner or manager of ordinary prudence under the same or similar circumstances. Each of such acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the injuries and damages which Plaintiff suffered.

5.04  As a direct proximate result of the negligence of Defendant, Plaintiff suffered severe injuries, including the injuries set forth above. Plaintiff was compelled to seek medical treatment following his injuries. Plaintiff was recovering from a prior incident when the incident occurred at Walmart, and has been set back in his efforts to return to work. Plaintiff has suffered damages to his past and future earnings capacity, for which Plaintiff sues.

5.05  As a result of Plaintiff's injuries made the basis of this action and the injuries sustained by Plaintiff, Plaintiff has suffered physical injury and severe mental pain and anguish, for which Plaintiff sues. Plaintiff has been compelled to consult a physician and a psychiatrist for treatment, and will need such treatment for the foreseeable future. In all reasonable probability, Plaintiff will continue to suffer such mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life, for which Plaintiff sues. Plaintiff has incurred reasonable and necessary medical, counseling and medication expenses in an amount in excess of the minimum jurisdictional limit of this Court, for which Plaintiff sues.

5.06  Defendant specifically committed acts or omissions:

(I) which, when viewed objectively from the standpoint of Defendant at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(ii) of which Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Plaintiff therefore seeks exemplary damages.

## VI.

## SECOND COUNT

### NEGLIGENCE AND GROSS NEGLIGENCE

6.01 The foregoing paragraphs of this Petition are incorporated in this Count by reference as fully as if set forth at length herein.

6.02 Defendant was negligent and grossly negligent in the following respects:

a. Defendant failed to provide an adequate and proper handicapped restroom facility on the premises;

b. Defendant failed to prevent a dangerous substance from being placed on the toilet seat in the handicapped stall of the men's restroom;

c. Defendant knew or reasonably should have known of the danger; and

d. Defendant failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the conditions and failing to make the conditions reasonably safe.

These acts and omissions, taken by themselves or in combination, were a proximate cause of Plaintiff's injuries, disfigurement and damages, for which Plaintiff sues, and constituted negligence or gross negligence by Defendant.

6.03    Defendant has acted with negligence or gross negligence toward Plaintiff. Therefore, Plaintiff is entitled to an award of exemplary damages.

6.04    Defendant committed acts or omissions:

(I)    which, when viewed objectively from the standpoint of Defendant at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(ii)    of which Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Therefore, Plaintiff seeks exemplary damages.

## VII.

## THIRD COUNT

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7.01    The foregoing paragraphs of this Petition are incorporated in this count by reference as fully as set forth at length herein.

7.02    Defendant acted intentionally and/or recklessly toward Plaintiff by participating in and/or having knowledge of one or more of the following:

(a) Defendant failed to instruct its employees regarding proper conduct in handling injuries suffered in defendant premises by handicapped customers;

(b) Defendant's manager and employees subjected Plaintiff to malicious humiliation and ridicule;

(c) Defendant failed and refused to take necessary action to maintain its restroom in a safe and sanitary manner;

(d) Defendant knew that its restroom was in a state of disorder and yet did nothing to fix it, and intentionally placed Plaintiff in a perilous position after being put on notice of the restroom condition.

7.03 Defendant knew or had reason to know of facts that created a high degree of risk of harm to Plaintiff, and either failed to act, was indifferent to, and/or acted in conscious disregard to this risk. The actions and conduct fo Defendant were extreme and outrageous, and caused Plaintiff severe mental, emotional and physical distress. Plaintiff therefore seeks damages for past and future severe emotional distress in an amount in excess of the minimum jurisdictional limit of this court. Plaintiff has no alternative cause of action available.

7.04 The actions and conduct of Defendant's managers and employees were harassing, oppressive and malicious. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows

the imposition of exemplary damages. Plaintiff therefore seeks exemplary damages in an amount in excess of the minimum jurisdictional limits of this Court.

7.05  Such acts and conduct were committed with malice, in that Defendant's managers, acting in the course and scope of their employment, specifically intended to cause substantial injury to Plaintiff, or in the alternative, committed acts or omissions which, when viewed objectively from their standpoints at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which such managers had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Defendant authorized the doing and the manner of the acts by its managers, or they were unfit and Defendant was reckless in employing them, or the managers were employed in vice principal capacities and were acting in the scope of employment, or Defendant, or a manager of Defendant ratified or approved the acts. Therefore, Defendant is liable to Plaintiff for exemplary damages. Plaintiff therefore seeks exemplary damages in an amount in excess of the minimum jurisdictional limit of this Court.

## VIII.

## FOURTH COUNT

## ASSAULT

8.01  The foregoing paragraphs of this Petition are incorporated in this Count by reference as if set forth at length herein.

8.02  Plaintiff was the victim of assault and battery which has been committed at other Walmart stores. Walmart had notice of the likelihood of such incidents because such incidents had occurred at other Walmart stores, as well as at Home Depot stores. Yet Walmart neither provided Plaintiff with protective seat covers nor posted warnings.

8.03  Defendants knowingly or negligently caused Plaintiff to be put in a position where he was at great risk of assault.

8.04  As a result of these actions, Plaintiff has endured shame, embarrassment, humiliation and mental, emotional and physical pain and anguish. Plaintiff has also suffered damages to his past and future earnings capacity, for which Plaintiff sues. Plaintiff therefore seeks actual damages in an amount in excess of the minimum jurisdictional limit of this court.

8.05  The act of assault committed upon Plaintiff were intentional and willful, and exposure of Plaintiff to such acts and the ratifications by Defendant Walmart of such acts were done with conscious indifference to the rights and welfare of Plaintiff. Plaintiff is therefore entitled to recover exemplary damages. Accordingly, Plaintiff

sues Defendant for exemplary damages in a sum in excess of the minimum jurisdictional limit of this Court.

8.06  Such acts and conduct were committed with malice, in that Walmart, or its managers and employees, acting in the course and scope of their employment, specifically intended to cause substantial injury to Plaintiff, or, in the alternative, committed acts or omissions which, when viewed objectively from their standpoint at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which they had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Walmart authorized the doing and the manner of the acts by its former managers and employees, or they were unfit and Walmart was reckless in employing them, or they were acting in the scope of employment, or Walmart, or a manager of Walmart, ratified or approved the acts. Therefore, Walmart is liable to Plaintiff for exemplary damages. Plaintiff therefore seeks exemplary damages in an amount of excess of the minimum jurisdictional limit of this Court.

## JURY TRIAL DEMANDED

9.01  Plaintiff demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the

following relief against Defendant, provided, however, that pursuant to TRCP 47 the maximum amount claimed is $1,000,000, subject to amendment and increase in the event that the Court or jury shall find larger damages:

1. Damages for past and future physical injury, pain and suffering;
2. Costs of past and future medical treatment;
3. Damages for past and future mental anguish, emotional distress, and physical distress;
4. Damages for permanent disfigurement;
5. Damages to Plaintiff's past and future earnings capacity;
6. Exemplary damages in an amount to be determined by the trier of fact;
7. Prejudgment and post-judgment interest at the maximum legal rate;
8. All costs of Court; and
9. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

KILGORE & KILGORE, PLLC


By /s/ W.D. Masterson
   W. D. Masterson
   State Bar No. 13184000


3109 Carlisle
Dallas, TX 75204
(214) 969-9099 – Telephone
(214) 953-0133 – Facsimile

**ATTORNEYS FOR PLAINTIFF
Wesley Howard**

PLAINTIFF'S ORIGINAL PETITION -
#208330.1

PAGE 14